Mr. Clayton Shurley, Chairman Lonoke County Election Commission 8677 Highway 31 North Lonoke, Arkansas 72086
Dear Mr. Shurley:
This is in response to your request for an opinion on the following question:
 Can a person, who has filed a written notice of intent with the County Election Commission, in a timely manner, be a write in candidate for Alderman, in a city of the second class and can the votes he receives be counted?
In my opinion the answer to your question is "no."
Section 14-43-202 of the Arkansas Code, which was amended in 1995 to expand its application to cities of the second class and incorporated towns, provides as follows:
 In all general elections held in cities of the first class and second class and incorporated towns for the election of officials of these municipalities, no ballots shall be counted for any person whose name is written in thereon. Only votes cast for the regularly nominated, or otherwise qualified, candidates whose names are printed on the ballot as candidates in the election shall be counted by the judges and clerks.
In my opinion this statute clearly provides that no write-in candidates for municipal offices are allowed at the general election. See also Op. Att'y Gen. 95-387. This statute has been held constitutional, and has not been impliedly repealed by subsequent general laws requiring a line on the ballot for the insertion of possible write-in candidates. SeeDavidson v. Rhea, 221 Ark. 885, 256 S.W.2d 744 (1953) (addressing Section 9 of Act 353 of 1949 (former Ark. Stat. Ann, 3-826 now repealed); compare current A.C.A. § 7-5-208 (f)(3)).
A separate statute, A.C.A. § 7-5-205 (Supp. 1997) of the Arkansas Code does make reference to the possibility of municipal write-in candidacies, but in my opinion does not authorize such candidacies.[1]
It provides as follows:
 No votes for write-in candidates in general elections shall be counted or tabulated unless the candidate or his agent shall notify in writing the county board of election commissioners and either the Secretary of State if a state or district candidate, or a county clerk if a candidate for a county township or municipal office, of his intention to be a write-in candidate not later than sixty (60) days before the election day. [Emphasis added.]
The relevant language concerning "municipal office[s]" was added in 1989 (see Acts 1989 No. 912, § 1), at a time when write-in candidacies of persons seeking municipal offices were authorized in cities of the second class and incorporated towns. Again, prior to Act 179 of 1995, which amended A.C.A. § 14-43-202 to include cities of the second class and incorporated towns, such candidacies were lawful. In my opinion, the continued reference to municipal offices in A.C.A. § 7-5-205 above (after Act 179 of 1995), does not impliedly repeal A.C.A. § 14-43-202's prohibition against such candidacies.
In my opinion, therefore, the answer to your question is "no."
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] This statute was amended in 1997 to make a minor change in the concluding phrase.